George ZAVADA, Appellant,

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

No. 6572.

United States Court of Appeals Tenth Circuit.

Dec. 9, 1960.

James G. Johnston, Denver, Colo., for appellant.

Submitted on brief by appellee.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Zavada sought habeas corpus relief on the ground that federal jurisdiction over him had been lost by his arrest on a federal parole violator's warrant and subsequent release to state authorities. The trial court discharged the writ and this appeal followed.

On March 21, 1938, Zavada was sentenced in the United States District Court for the Northern District of Ohio to a term of 25 years. On April 1, 1949, he was released on parole. Later that year he was charged with a state offense in Tennessee and on October 26, 1949, he was arrested by state authorities in Ohio. At that time there were two federal warrants outstanding against him. The first was a parole violation warrant issued October 13, 1949, and the second was a warrant charging interstate flight to avoid state prosecution.[1] The Ohio officers turned him over to the United States Marshal. On October 27, 1949, he was arraigned before a United States Commissioner on the unlawful flight warrant. Subsequently he was released to the Ohio authorities and returned to Tennessee upon a waiver of extradition. On November 23, 1949, a Tennessee state court sentenced him to a five-year term.

The Parole Board directed the United States Marshal in Ohio not to serve the warrant for the parole violation and to place a detainer against Zavada with the Tennessee authorities. Upon his release from the Tennessee penitentiary on July 23, 1953, the parole violation warrant, issued on October 13, 1949, was served upon Zavada. At that time 5,101 days remained to be served on the original sentence. Zavada is not eligible for conditional release until March 18, 1962.

Zavada urges that he was in federal custody in Ohio under the parole violation warrant and that when the United States subsequently released him to the state authorities it lost jurisdiction over him. The record does not sustain his position. The parole violation warrant shows that it was issued on October 13, 1949, and served on July 23, 1953. The return is conclusive in the absence of a traverse.[2] The petition for habeas corpus alleges that the arraignment before the United States Commissioner after the Ohio arrest was on the unlawful flight warrant.

This is not a case like Smith v. Swope, 9 Cir., 91 F.2d 260, in which a United States Marshal had a prisoner in custody under a commitment directing him to deliver the prisoner to a United States penitentiary forthwith and, in disobedience of that commitment, turned the prisoner over to state authorities for prosecution on a state charge. In that case the process under which the prisoner was held in federal custody at the time of the habeas corpus proceeding was the process under which the prisoner was held at the time of the release to the state. Here, the parole violation warrant was not served prior to the release to the state but after the release of Zavada from the Tennessee penitentiary upon the completion of his term there. As service of the original sentence was interrupted by parole violation and incarceration in a state penal insti-

---

1. See 18 U.S.C. § 1073.

2. Teague v. Looney, 10 Cir., 268 F.2d 506, 508.

tution, the full term of that sentence has not been completed [3] and Zavada is properly in custody.

Affirmed.

3. Melton v. Taylor, 10 Cir., 276 F.2d 913, 914.