**Fred GINYARD, Appellant,**

v.

**Donald C. CLEMMER, Director, D. C. Department of Corrections, et al., Appellees.**

**No. 19380.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 12, 1965.

Decided Feb. 17, 1966.

Mr. N. Meyer Baker, Washington, D. C. (appointed by this court), for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. John C. Conliff, Jr., U. S. Atty. at time brief was filed, Frank Q. Nebeker, and Oscar Altshuler, Asst. U. S. Attys., were on the brief, for appellees.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

BAZELON, Chief Judge.

This court granted leave to appeal *in forma pauperis* from the dismissal of a petition for habeas corpus to determine whether the District of Columbia Board of Parole had improperly delayed execution of a parole violator's warrant. We affirm the dismissal of the petition.

These are the relevant circumstances. While on conditional release from Lorton Reformatory, Virginia, appellant was convicted and sentenced by the Court of General Sessions to imprisonment for sixty days for attempted petit larceny. Three other charges were then pending against him. After this conviction, the Parole Board issued a parole violator's warrant that was lodged as a detainer at the District of Columbia Jail. Appellant served his sentence and sought release on bail to prepare his defense against the pending charges. He alleges that "the bondsman, who had petitioner out on bail prior to the imposition of the sixty-day sentence, was unable to secure petitioner's release by virtue of the outstanding and yet unexecuted detainer warrant." Appellant pleaded guilty to one of the three outstanding charges and was sentenced to 180 days in jail.[1] Upon service of this sentence, the parole violator's warrant was executed, and appellant was returned to Lorton to serve the time remaining on his original sentence.

While serving his 180-day sentence in the District of Columbia Jail, appellant filed a declaratory judgment action against the Parole Board, alleging that the parole violator's warrant lost its validity when it was not executed after completion of the sixty-day sentence which had been the sole reason for its issuance. While this petition was pending, appellant completed his sentence and was returned to Lorton. He was subsequently returned to the District of Columbia Jail to confer with his counsel about the declaratory judgment action; while here for this purpose, he filed the present petition for habeas corpus. The District Court granted summary judgment for the Government in the declaratory judgment action. The Government then alleged this fact in its return in the habeas corpus action, and the petition was dismissed. Counsel appeals only from the dismissal of the petition for habeas corpus.

■ Appellant argues that the Parole Board's seven-month delay in executing its parole violator's warrant was unreasonable. We cannot agree, especially since the reason for the delay was to allow appellant to serve two intervening sentences. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Woykovsky v. Chappell, 119 U.S.App. D.C. 8, 336 F.2d 927 (1964), cert. denied, 380 U.S. 916, 85 S.Ct. 903, 13 L.Ed. 2d 801 (1965).

■ Appellant correctly argues, however, that the existence of an unexecuted detainer warrant should not have foreclosed his right to bail pending his second trial. But his remedy was to challenge the denial of bail rather than the failure to execute the warrant.[2]

■ Furthermore, habeas corpus does not lie here since appellant, who challenges his detention at Lorton, is present within the District only because

---

1. The remaining two charges were not prosecuted.

2. Ellis v. Chappell, 230 F.Supp. 164, 167 (D.D.C.1964) (Youngdahl, J.), aff'd by order, No. 18763, Jan. 26, 1965. If a bondsman cannot be found, the court has the power to set suitable terms. McCoy v. United States, Nos. 19258 & 19438, 123 U.S.App.D.C. ——, 357 F.2d 272.

of his counsel's request that appellant be brought here for interviews.[3] Nor are we inclined to treat his petition for habeas corpus as an application for a declaratory judgment,[4] since appellant was represented by counsel and the denial of his application for a declaratory judgment below was not appealed.[5]

Affirmed.

TAMM, Circuit Judge, did not participate in this decision.

3. See Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Downey v. United States, 67 App.D.C. 192, 91 F.2d 223 (1937).

4. *Cf.* Bailey v. United States, 101 U.S.App. D.C. 11, 246 F.2d 698 (1957); see also Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961); 28 U.S.C. §§ 2201, 2202 (1964).

5. Appellant cites Mock v. United States Board of Parole, 120 U.S.App.D.C. 248, 345 F.2d 737 (1965), suggesting that the sentencing judges in his two intervening convictions did not have the proper information before them; there is nothing in the record to indicate that the Parole Board had informed the court of the likelihood that appellant subsequently would have to serve the remainder of his original sentence. The dismissal of his petition is without prejudice to appellant's raising this claim in a proper forum.