Harvey Marion **BOSWELL**, Petitioner,

v.

**J. J. PARKER**, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.

No. 829.

United States District Court
M. D. Pennsylvania.

Jan. 13, 1967.

**560**

Harvey Marion Boswell, pro se.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for respondent.

### MEMORANDUM

FOLLMER, District Judge.

Harvey Marion Boswell, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed a Petition for Writ of Habeas Corpus, in forma pauperis, in this Court. Boswell claims he is being held in custody unlawfully because the parole revocation warrant was improperly executed and was executed after the expiration of his sentence.

Boswell was convicted on June 18, 1958, on the charge of counterfeiting and sentenced to eight years imprisonment by the United States District Court for the Middle District of Alabama. On December 17, 1963, Boswell was granted a mandatory release, with 913 days of his sentence to be served. On October 2, 1964, a parole revocation warrant was issued for failure to report, leaving his District without permission, absconding supervision and loss of contact.

On November 19, 1964, Boswell was indicted for interstate transportation of a stolen car (18 U.S.C. § 2312) in the Southern District of Texas. He pleaded guilty and on November 20, 1964, he was sentenced to a term of two and one-half years imprisonment. The United States Board of Parole instructed the Bureau of Prisons to hold the parole revocation warrant as a detainer and to execute it upon conclusion of the two and one-half year sentence.

On October 16, 1966, Boswell was granted a mandatory release on his two and one-half year sentence and the parole revocation warrant was immediately executed by taking him into custody for service of 913 days remaining on his eight year Alabama sentence.

Boswell presents two basic questions: (1) Was the warrant executed properly, and (2) Was the warrant valid within the meaning of 18 U.S.C. § 4205, in view of the fact that it was not executed until after the original sentence had expired.

As to the first ground alleged, petitioner claims that the warrant was executed improperly in that it was not signed in his presence. Under 18 U.S.C. §§ 4205–4207 there is no such requirement. It appears from the records that the warrant was issued prior to the expiration of the eight year Alabama sentence and that it was executed properly.

As to the second allegation, under 18 U.S.C. § 4205, the only requirement that is set forth is that the warrant be "issued" within the maximum term for which a prisoner was sentenced. "There is no doubt that the Parole Board may withhold execution of a warrant for violation of a parole while a parolee is serving another sentence. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L. Ed. 1399 (1938); Ginyard v. Clemmer, 357 F.2d 291 (D.C.Cir. 1966); Sapinski v. Humphrey, 119 F.Supp. 822, 823 (M. D.Pa.1954); Miller v. Hiatt, 50 F.Supp.

915 (M.D.Pa.1943)." Rossello v. United States Board of Parole, 261 F.Supp. 308, 310. (M.D.Pa. Decided December 14, 1966).

■ Here the warrant was issued well within the maximum term. It has been stated that: "the law is well settled that a warrant issued within the maximum term of the original sentence may be served after the parole violator has served a second sentence imposed while he was on parole. * * * This is so even though the warrant is not served until after the expiration of the maximum term in which it could be issued." Smith v. Blackwell, 367 F.2d 539, 541 (5th Cir. 1966). Thus, when, as here a parolee is arrested on another charge, execution of the warrant may be held in abeyance until the intervening charge is disposed of and any intervening sentence is served. Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966); See Avellino v. United States, 330 F.2d 490 (2d Cir. 1964), cert. denied, 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336 (1965), reh. denied 379 U.S. 985, 85 S.Ct. 671, 13 L.Ed.2d 578 (1965).

In petitioner's Answer to the respondent's Response to the Rule to Show Cause, he alleges that his present sentence is illegal because of the manner in which the Texas sentence of two and one-half years was imposed. The Texas sentence was to run consecutively to any unserved time under his previous conviction in the Middle District of Alabama. Since he served the Texas sentence first, petitioner maintains that the parole revocation warrant could not be executed thereafter and that he should be released.

■ There is no doubt that the service of the Texas sentence was not to be concurrently with any time that petitioner might have to serve under the parole violator's warrant. The mere fact that the sentences were not served in the order petitioner wished did him no harm and is not sufficient for habeas corpus relief. See Taylor v. Baker, 284 F.2d 43 (10th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961).

■ The petitioner was subject to being retaken under 18 U.S.C. § 4205 upon issuance of a warrant within the maximum term for which he was sentenced. The warrant was issued within the appropriate time and it was properly executed within a reasonable time. Accordingly, the Petition for Writ of Habeas Corpus will be denied.