**Mickey Murray Robert AVRUTINE**

v.

**UNITED STATES of America, United States Board of Parole.**

Civ. No. 13589.

United States District Court,
D. Connecticut.

April 14, 1970.

Mickey Murray Robert Avrutine, pro se.

F. Mac Buckley, Asst. U. S. Atty., Hartford, Conn., for respondent.

## MEMORANDUM OF DECISION ON PETITION FOR A WRIT OF HABEAS CORPUS

BLUMENFELD, District Judge.

The petitioner, Mickey Murray Robert Avrutine, was sentenced to a term of one year and one day by the United States District Court for the Southern District of New York on a charge of interstate transportation of counterfeit securities. The federal sentence did not commence until September 7, 1966, since petitioner was still in state custody at the time of imposition of sentence.

Petitioner was committed to the Federal Correctional Institution at Danbury, Connecticut, on October 20, 1966, and was paroled on March 20, 1967, at which time he was accountable to the parole authorities for 171 days. A parole violator's warrant was issued on July 5, 1967, alleging that petitioner had failed to keep a scheduled appointment with his probation officer and that he had lost contact.

On July 19, 1967, the Federal Bureau of Investigation located petitioner in state custody in the Rutherford County Tennessee Jail pending trial on a charge of forgery. The parole violator's warrant and a detainer were then lodged against the petitioner on July 25, 1967.

On August 4, 1967, a supplemental warrant application was issued charging the petitioner with the same forgery offense for which he was being held by the State of Tennessee, but a new warrant was not issued on this application.

On October 30, 1967, in the Criminal Court of Rutherford County, petitioner was sentenced to nine months and committed to the Rutherford County Workhouse. On November 9, 1967, petitioner escaped from the Workhouse.

On June 7, 1968, petitioner was taken into custody by the United States Marshal in Los Angeles, California, on a federal charge of interstate transportation of forged securities. The aforesaid warrant was again lodged as a detainer against him there. On November 12, 1968, petitioner was sentenced to three years imprisonment for this later offense. He is presently serving that sentence at the Federal Medical Center, Springfield, Missouri.

Petitioner brings this action to direct the United States Board of Parole

to set a hearing to test the validity of the warrant or to dismiss the warrant for failure to prosecute.[1] Since the relief requested may conceivably be regarded as appropriate for mandamus, *cf.* Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809 (1930); Smith v. Resor, 406 F.2d 141 (2d Cir. 1969), this case does present problems relating to the timeliness of a hearing on an alleged parole violation which it is useful to consider.

Petitioner's papers indicate that he has requested a hearing, and that he believes that he has a valid defense to the charges in the warrant. It has been judicially stated:

> "Where a warrant is timely issued charging a parolee with violating the terms and conditions of his release by misconduct other than the commission of a crime, the Board is obligated to hold a prompt hearing on the fact of violation even though the Board's jurisdiction survives intervening service of an unrelated criminal sentence." Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 570 (1967) (Memorandum by the Court ¶ 2).

■ However, where the violator warrant charges a criminal offense as the ground for revocation, there is no reason to hold a revocation hearing at all, since the violation is established by the criminal conviction itself. Boswell v. United States Board of Parole, 388 F.2d 567, 571, 573 (D.C. Cir. 1967); United States ex rel. Amato v. United States Board of Parole, Civ. No. 13,554 (D.Conn. Nov. 21, 1969).

■ In this case, the warrant as originally issued charged an administrative violation, but a supplemental warrant application added the charge of a criminal arrest which subsequently ripened into a conviction. One question presented is whether the fact that the criminal offense was charged in a supplemental application added to an outstanding but unexecuted warrant instead of in a new warrant prevents the parole board from considering the criminal offense as a ground for revocation of parole.

In Boswell v. United States Board of Parole, *supra,* a federal parole violator's warrant charging Boswell with failing to maintain contact with his parole supervisor was issued. Shortly thereafter, Boswell was arrested and convicted on a Dyer Act violation and the warrant was lodged as a detainer against him. There is nothing in that case to indicate that a supplemental application for a parole violator's warrant charging that crime was ever issued. Upon completion of his Dyer Act sentence, Boswell was afforded a parole violator's hearing before the board of parole, and his mandatory release was revoked. Boswell argued that the delay in holding the revocation hearing was unreasonable and prejudicial. In the course of remanding the case to determine if Boswell was indeed prejudiced, the court noted the board's argument that:

> " 'the Board at the revocation hearing also took into account appellant's subsequent criminal conviction as it has a right to do.' Without a record of those revocation proceedings before us, we cannot say that *Johnson* [v. Chappell, [117 U.S.App.D.C. 190] 327 F.2d 888 (D.C. Cir. 1964),] [2] is controlling. In that case, we were careful to note that the parolee had ample advance notice of the Board's intention to consider the criminal charge. Here, not only is the record silent as to notice, we do not know whether the other charges originally

---

1. The venue in this case is proper since petitioner was incarcerated at the Federal Correctional Institution, Danbury, Connecticut, in this district, at the time his petition was filed. 28 U.S.C. § 1391(e).

2. In Johnson v. Chappell, *supra,* the court held that the board's revocation of parole on the basis of a criminal conviction not the basis upon which the original arrest warrant for violation of parole had been issued did not invalidate the revocation order.

preferred against appellant, and which are unrelated to the criminal offense, played a significant role in the revocation decision. We leave this issue to the remand where the record can be supplemented and the District Court can make an informed determination of the problem." Boswell v. United States Board of Parole, *supra*, 388 F. 2d at 573 n. 8.

The situation on the state of the record in this case is altogether different. In the first place, there has not been a hearing at which the board might have taken the original charge of failure to report into account. Secondly, the supplemental application for a parole violator's warrant is attached to the previously issued warrant and is lodged as a detainer at the prison where petitioner presently is in custody. Thus, the notice requirements of Johnson v. Chappell, *supra*, are fulfilled. Finally, the suggestion that the board might choose to ignore the criminal conviction is fanciful. At a meeting on November 4, 1963, the following policy was adopted by the board of parole:

"[I]t was generally agreed by the Members that all information of violation should be considered by the Board, regardless of whether or not the warrant had been executed. Such new information could be included in a supplemental warrant application, copy of which is to be given to the prisoner prior to the revocation hearing."

Thus, the board has clearly indicated that it is its policy to consider the information of the violation,[3] and since the violation has been established by an adjudication, it is unnecessary to hold a hearing at this time. Boswell v. United States Board of Parole, *supra* at 573.

■ As this court held in United States ex rel. Amato v. United States Board of Parole, *supra*, even where the

fact of parole violation is established by an adjudication, the parole violator is entitled to apply to the board for an immediate determination of the disposition to be made concerning the consequences of the violation. Petitioner indicates that he has requested a hearing by the board, and they have responded that it is their decision to keep the parole violator's hearing in abeyance until his present sentence is completed. Under the circumstances in this case, they need do no more.

■ Petitioner also contends that because mandatory releasees are freed from all supervision 180 days before the end of their maximum terms, 18 U.S.C. § 4164, a parolee should also be so treated. However, 18 U.S.C. § 4205 provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued by the Board of Parole or a member thereof and within *the maximum term* or terms for which he was sentenced." (Emphasis added).

This statute is clearly constitutional. Weathers v. Willingham, 356 F.2d 421 (10th Cir. 1966); Hall v. Welch, 185 F.2d 525 (4th Cir. 1950).

■ Petitioner's final contention, raised in a "Traverse to Respondent's [sic] Answer," is that he is still entitled to the statutory good time credits earned under 18 U.S.C. § 4161, and they should be credited to the 171 days remaining on his original sentence. This is clearly erroneous. Any good time credit is within the sole discretion of the parole board. Smith v. Blackwell, 367 F.2d 539, 541 (5th Cir. 1966); McKinney v. Taylor, 358 F.2d 689, 690–91 (10th Cir. 1966); Hedrick v. Steele, 187 F.2d 261, 263 (8th Cir. 1951). See United States ex rel. Obler v. Kenton, Civ. No. 12,641 (D.Conn. Oct. 21, 1968).

The petition is dismissed.

---

3. Why the board of parole has not formally promulgated a regulation incorporating this policy is difficult to understand.

A regulation would constitute notice to all.