Charles H. ROGERS, Appellant,

v.

John W. WINGO, Warden, Kentucky State
Penitentiary, Appellee.

Court of Appeals of Kentucky.

July 2, 1971.

Charles H. Rogers, pro se.

John B. Breckinridge, Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant sought release from the penitentiary at Eddyville by petition for writ of habeas corpus. He prosecutes this appeal from the circuit court's denial of his petition.

Appellant received two life sentences in the Jefferson Circuit Court. He was released on parole, and while at large on parole was arrested in Indiana charged with an offense committed in that jurisdiction. The Kentucky Parole Board, upon being notified of appellant's arrest in Indiana, advised the Indiana authorities that it wanted appellant returned as a parole violator after he had completed any sentence he received in Indiana. A detainer was lodged in Indiana.

Appellant, citing Greene v. Michigan Dept. of Corrections (CA6), 339 F.2d 139, and Jones v. Rayborn, Ky., 346 S.W.2d 743, contends that Kentucky forfeited any right to reincarcerate him, because it declined to receive him when Indiana offered to release him. This contention is utterly meritless. The decisions upon which appellant relies are not factually apposite here.

The applicable principle is that the parole authorities must act with "reasonable dispatch" to assert the right to restrain a parole violator who is arrested while on parole. So states Greene v. Michigan, supra. The rule, as applied in the administration of the parole system of the United States Board of Parole, was succinctly stated in Shelton v. United States Board of Parole, 128 U.S.App.D.C.

311, 388 F.2d 567, and is equally applicable here:

"Where the parolee has been charged with committing a crime while on parole the Board retains jurisdiction if it acts timely in issuing its violator warrant and notifying the parolee thereof (including notice that the warrant has been lodged as a detainer), although the Board defers consideration on its charge until completion of the criminal proceeding." Id. 388 F.2d at page 570.

The Kentucky authority acted timely and within the framework of legal procedure and statutory authority. It did not waive Kentucky's jurisdiction over appellant. See Zitt v. Wingo, Warden, Ky., 467 S.W. 2d 370, decided May 21, 1971.

The judgment is affirmed.

All concur.