**Donald Lawrence HASS, Petitioner-Appellant,**

v.

**J. J. PARKER, Warden, etc., Respondent-Appellee.**

**No. 72–1636.**

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1972.

Donald Lawrence Hass, in pro. per.

Stan Pitkin, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for respondent-appellee.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

Hass was on mandatory release under a five-year federal sentence with 537 days of that sentence remaining, and during those 537 days he was convicted of a second federal offense and imprisoned under that conviction. A warrant for violation of the conditions of release under the first sentence was issued before the expiration of the 537 days. It was not executed until he had served his time under the second conviction. He claims that this was illegal. He also claims that "good time" is being improperly computed under his imprisonment under the remainder of his first sentence. Neither claim has merit.

The United States Parole Board has the authority to wait until a federal prisoner has served out the term imposed on an intervening sentence before the Board executes a warrant revoking a prisoner's parole from an original sentence. Moore v. Smith, 7 Cir., 1969, 412 F.2d 720; Ginyard v. Clemmer, 1966, 123 U.S.App.D.C. 100, 357 F.2d 291; cf. Schiffman v. Wilkinson, 9 Cir., 1954, 216 F.2d 589. The "good time" earned against the intervening sentence need not be applied against the original sentence as well. Bandy v. Willingham, 10 Cir., 1968, 398 F.2d 333. Hass is receiving "good time" at a higher rate (8 days per month) under what is left of his first sentence, because the two sentences have been "aggregated" for that purpose, than he would have received under the first sentence standing alone (6 days per month).

Affirmed.