**Richard Lee SKEETER, Jr.**

v.

**Gary McCUNE, Warden, et al.**

**Civ. A. No. 74-0228-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 16, 1974.

Richard Lee Skeeter, Jr., pro se.

Charles L. Beard, Asst. U. S. Atty., Richmond, Va., for defendants.

MEMORANDUM

MERHIGE, District Judge.

Richard Lee Skeeter, Jr., a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he alleges he is being held in illegal custody. In support of his petition, Skeeter contends that the procedures surrounding the revocation of his parole violated his due process rights under the Fifth Amendment to the Constitution. The Court deems the matter ready for disposition upon the defendants' Motion for Summary Judgment and the petitioner's response thereto.

On December 16, 1968, petitioner was sentenced in the Eastern District of Virginia under 18 U.S.C. § 4208(a)(2) to a term of fifteen years, following his conviction on a charge of bank robbery. Petitioner was paroled on September 7, 1971. On November 21, 1972, petitioner was arrested by State authorities in Portsmouth, Virginia, and was charged with possession of a concealed weapon. Petitioner alleges that he was released on bond seven days after his arrest and that he promptly reported his arrest to his parole officer who stated he was charging petitioner with possession of a concealed weapon and association with a known ex-convict. Petitioner contends that his parole officer indicated that no formal action would be taken pending the outcome of the State charge.

Petitioner was convicted on March 20, 1973 in the Municipal Court of the City of Portsmouth on the possession charge. He appealed his conviction and it was affirmed by the Portsmouth Circuit Court on July 17, 1973. Thereafter, on July 26, 1973, the defendant asserts by affidavit, the United States Board of Parole issued a violator's warrant charging petitioner with: (1) possession of a concealed weapon; (2) unauthorized possession of a firearm; (3) association with a person having a criminal record; (4) assault upon his common-law wife; and (5) failure to notify his probation officer of his arrest on June 16, 1973.

One day after the issuance of the violator's warrant, petitioner's State conviction was vacated and a new trial was set for some time in August 1973. The United States Parole Board, however, apparently unaware of the vacated conviction, executed its warrant on July 30, 1973 and took petitioner into custody. A preliminary interview was conducted on August 1, 1973, at which, the Court finds, petitioner admitted his having associated with a known ex-convict.[1]

On August 9, 1973, the United States Parole Board was apprised of petitioner's vacated conviction. Petitioner remained in custody in Portsmouth, however, solely on the basis of the Parole Board's violation warrant and detainer. Petitioner's new trial was continued on several occasions[2] and on October 27, 1973, petitioner was transferred to the Petersburg Federal Reformatory. On December 6, 1973, a parole revocation hearing was held at which petitioner's parole was revoked on the basis of his alleged admission to charges three and four of the violator's warrant.

The gravamen of petitioner's allegations are: (1) that he was denied a formal revocation hearing at or reasonably near the place of the alleged parole violation; and (2) that the delay in affording him a revocation hearing was unreasonable.

■ As to petitioner's initial contention, the Court finds petitioner's admission at the preliminary interview of his association with a person known to have a criminal record was adequate to support his continued detention and trans-

---

1. Petitioner rather cryptically contends that he "denied all alleged charges, or rather the charge of carrying a concealed weapon." In his response to defendant's motion, petitioner states more clearly that he admitted to "being in the car with his next door neigh-

bor ex co-defendant and life long friend, Willie Mitchell 33259."

2. Petitioner was eventually re-tried on February 4, 1972 at which time the charges of November 21, 1972 were dismissed.

fer to the federal reformatory for a final determination regarding the revocation of his parole. Hyser v. Reed, 115 U.S.App.D.C. 224, 318 F.2d 225, 244, cert. denied sub nom. Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 447, 11 L. Ed.2d 316 (1963). *Cf.* Morrissey v. Brewer, 408 U.S. 471, 487, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■■ Petitioner's second claim, however, warrants considerably more discussion. While only in the most extreme cases will delay lead to a presumption of prejudice, see, *e. g.*, United States v. Gernie, 228 F.Supp. 329 (S.D.N.Y.1964), the authorities are clear that a revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. Morrissey v. Brewer, *supra*; Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F. 2d 567 (1967). Perhaps the only viable test available to the Court is that provided by the District of Columbia Court of Appeals in *Shelton, supra,* wherein the Court noted:

> [T]he issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch. What will constitute a reasonable time will, of necessity, vary with the facts of each case. Obviously, a violator who has succeeded in evading the authorities is in no position to complain of a delay. Even in other cases delay will not in and of itself suffice to show prejudice, except in an extreme case, and actual prejudice vel non is the focal point of the inquiry. 388 F.2d at 574.

■ Turning to the instant matter, it appears to the Court that the petitioner was initially taken into custody by the Parole Board on the basis of his criminal conviction in the State court. After August 9, 1973, however, when the Parole Board learned of the vacated conviction, petitioner's continued detention rested primarily upon his alleged noncriminal violation of parole. Despite petitioner's admission as to the fact of violation, due process required a prompt revocation hearing at which petitioner might adduce testimony and other evidence bearing upon the disposition of his case. Moreover, in the absence of extenuating circumstances, the Court finds that a delay of nearly four months, together with petitioner's allegations regarding evidence in mitigation of his parole violation, establishes a colorable due process claim. Consequently, the Court will deny defendant's motion for summary judgment.

The Court further finds that in view of petitioner's admission, he is not entitled to outright release.[3] In order to avoid further delay, however, the Court finds that justice will best be served by remanding this matter to the United States Board of Parole for the purpose of providing petitioner a hearing at which the Board shall consider the unavailability of mitigating evidence and testimony occasioned by its delay in holding the revocation hearing and a proffer as to what evidence or testimony petitioner would have adduced but for the delay. Shelton v. United States Board of Parole, *supra.*

An appropriate order shall issue.

3. Petitioner's reliance on United States ex rel. Buono v. Kenton, 287 F.2d 534 (2d Cir. 1961) and United States ex rel. Vance v. Kenton, 252 F.Supp. 344 (D.Conn.1966), is not well taken. In each instance, habeas corpus was held to compel a prompt hearing irrespective of any showing of prejudice accruing from the delay. Unlike the instant matter, however, the petitioners there were awaiting a hearing on the fact of violation and had not admitted to such charges.