**UNITED STATES of America ex rel. Edward Joseph BOULET**

v.

**Frank F. KENTON, Warden, Federal Correctional Institution, Danbury, Connecticut.**

**Civ. No. 11918.**

United States District Court
D. Connecticut.

Sept. 7, 1967.

John W. Barnett, New Haven, Conn., for petitioner.

Jon O. Newman, U. S. Atty., Hartford, Conn., John F. Mulcahy, Jr., Asst. U. S. Atty., for respondent.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

Petitioner complains that his present confinement as a parole violator is unlawful because his parole revocation hearing was unreasonably delayed. This case is the latest in a series of similar cases which, as Chief Judge Timbers has noted, have occurred "with far more frequency, at least in this District, than is consistent with inadvertence." United States ex rel. Hitchcock v. Kenton, 256 F.Supp. 296, 297 (D.Conn.1966) (141 day delay unreasonable). See, e. g., United States ex rel. Buono v. Kenton, 287 F.2d 534 (2d Cir. 1961), cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961) (113 day delay unreasonable); United States ex rel. Obler v. Kenton, 262 F.Supp. 205 (D.Conn.1967); United States ex rel. Vance v. Kenton, 252 F. Supp. 344 (D.Conn.1966) (123 day delay unreasonable).

### I.

The petitioner, Edward J. Boulet, was originally sentenced in the District of Arizona to three years imprisonment following a Dyer Act conviction, 18 U.S.C. § 2312. After serving one year, he was paroled on July 14, 1966, to be supervised in the Western District of Texas. That same day petitioner violated his parole by driving a rented car to Mexico, where he was involved in an accident. The next day he returned to Texas but, fearing his parole officer would learn of his travel violation, he absconded. On July 19, 1966, the United States Board of Parole issued a violator's warrant for his arrest.

On September 6, 1966, the petitioner was sentenced to sixty days imprisonment for disorderly conduct in Newark, New Jersey. After he completed that sentence and pursuant to a federal detainer warrant, federal officers

took him into custody on November 4, 1966. At this point petitioner should have received a preliminary interview by a parole officer in the district of arrest as soon as reasonably possible. 28 C.F.R. § 2.40; Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 243 (1963); United States ex rel. Obler v. Kenton, supra, 262 F.Supp. at 209. But instead, because of an "error", the petitioner was transferred without a preliminary interview to Federal Detention Headquarters in New York City. A month later the petitioner requested in writing a local revocation hearing by a member of the Board of Parole who was scheduled to conduct hearings in New York on December 10, 1966. The request was not honored because the petitioner had not yet received a preliminary interview.

Finally, on December 15, 1966, a probation officer from the Southern District of New York conducted a preliminary interview. At this interview the petitioner admitted violating one or more conditions of his parole and executed Form 59(a), requesting a revocation hearing upon his return to prison. On January 25, 1967, he was transferred to the Federal Correctional Institution, Danbury, Connecticut. Why it required over 30 days to transfer him from West Street, New York, to Danbury was not explained.

On February 1, 1967, petitioner executed a written waiver of representation by council and of testimony by witnesses. He thereafter was scheduled for a revocation hearing before a Parole Board member on February 23, 1967. In the meantime, on February 16, 1967, petitioner filed an application for a writ of habeas corpus in the United States District Court, District of Columbia. On March 1, 1967, that court transferred the case to this District.

At the revocation hearing on February 23, 1967, the petitioner objected to the proceedings on the ground that he "has been held too long without a hearing and therefore should be released." The hearing was adjourned until a later date. On March 17, 1967, he refused the offer of another hearing because his habeas petition was pending before this Court. On April 12, 1967, the Board formally revoked his parole.

## II.

It will serve no useful purpose to review here the teachings of *Buono, Hitchcock, Vance* and *Obler*. It is clear, under the principles set forth in those decisions, that the delay of 110 days between the petitioner's arrest as a parole violator and his first statutory hearing on the issue of violation was unreasonable.

This Court finds it difficult to understand why the Board of Parole has failed to devise an effective procedure to prevent months of undue, frustrating prehearing incarceration when an alleged parole violator is deprived erroneously of a preliminary interview in the district of arrest or when, due to clerical error or transportation delays, he misses the next regularly scheduled revocation hearings at the prison. In such cases, when it appears that an alleged violator's revocation hearing will be delayed unreasonably, a simple solution, the Court believes, is to delegate promptly the hearing function, with the parolee's consent, to a local probation officer. In Alaska, Hawaii and Puerto Rico, local probation officers are frequently designated as revocation hearing officers. Certainly the Board may resort to this system in special cases in other states.

However, despite the fact the delay in the instant case was unreasonable, the record discloses the passage of time did not prejudice the petitioner. Unlike *Hitchcock* and *Vance,* the opportunity to present voluntary witnesses or to obtain their statements by mail is as available to petitioner now as prior to the period of delay. Moreover, the facts here, distinguishable from those in *Obler,* did not warrant an immediate local investigation in New Jersey or elsewhere.

The petition of Edward J. Boulet for a writ of habeas corpus therefore is denied. Under the circumstances, however, pe-

titioner should receive another opportunity to appear before a member of the Parole Board for a full and effective revocation hearing. Accordingly, it is

Ordered that petitioner be given prompt notice of the next regularly scheduled revocation hearings at the Federal Correctional Institution, at Donbury, Connecticut, so that he may have ample time to obtain any available mitigating evidence.

The Court wishes to express its appreciation to petitioner's court-appointed counsel, John Barnett, for his vigorous and capable efforts in this case.