Peter F. LaFRANCE

v.

George **BOHLINGER**, **Superintendent, Massachusetts Correctional Institution at Norfolk.**

No. 73–1327.

United States Court of Appeals, First Circuit.

Argued Oct. 16, 1973.

Decided Oct. 17, 1973.

Bernard Manning, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., was on motion, for appellant.

Alexander Whiteside, II, Boston, Mass., by appointment of the court, for appellee.

Before COFFIN, Chief Judge, and CAMPBELL, Circuit Judge.

### MEMORANDUM and ORDER

Appellee, serving a state felony sentence, was ordered released by the district court, 365 F.Supp. 198, upon his petition for habeas corpus. The district court denied the Commonwealth's motion to stay the execution of the writ pending appeal. A short while after the writ had issued, the Attorney General of Massachusetts filed in this court a motion for stay pending appeal. We granted a stay of several days, so as to have time to familiarize ourselves with the issues. Soon after, we learned that appellee had been released before his attorney or the state correctional authorities had learned of our brief stay order. The latter order has since expired, and a single judge of this court has held a hearing on whether to extend the stay until the appeal is decided.

We find a further stay to be unwarranted. Regarding the timing of the writ, much must be left to the sound discretion of the district judge. Here, the petitioner below had served much, possibly most, of his state sentence. The court may have believed that to stay the writ pending appeal, thus requiring him to serve months more of what it had found to be an unconstitutional sentence, would be too harsh, especially since he can be re-imprisoned if the appeal goes against him.

Without intending criticism of what was done, but solely as a suggested guide for the future, we comment on several aspects of the procedure below:

First, any confusion caused by the overlapping of our temporary stay and the issuance of the writ could have

been avoided had the district court itself granted the Commonwealth a stay of several days sufficient to permit it to present to us its request for a stay pending appeal. We do not suggest that district courts should grant even brief "turn-around" stays when appeals are frivolous, or when justice requires that no further delay take place. There may well be cases where, if we knew something of the court's thinking in denying a stay, we would not feel it necessary to issue our own. However, if a case involves a constitutional issue of some difficulty and if, as here, the petitioner's conviction had been reviewed and approved at the highest level of the state judiciary, comity usually suggests the advisability of granting the state at least a short respite during which the Attorney General may approach the federal appellate court for a stay.

■ Second, when ordering issuance of a writ of habeas corpus in these circumstances, we would encourage district courts to consider carefully the advisability of requiring appellee to recognize formally in that court for the purpose of assuring his future availability to the state if the appeal is successful. At the very least, the court should satisfy itself, by making the necessary inquiry, that the released state prisoner will remain available while the appeal is being decided. If the state wins on appeal, it may rightfully expect the federal courts to have taken reasonable precautions to ensure a return to custody of the former prisoner. If no bond is required, it will be helpful to this court, which almost invariably will be faced with a request for stay, if the district court will indicate in writing its reasons for thinking none is needed, so that we will not be in the dark when we are approached. The district court is closer to the facts of the case, and we will be spared an extended hearing on matters of which the trial court is already aware.

■ A single judge of this court has held a hearing. For reasons already mentioned, we see no need for a further stay. We do, however, condition our denial of a stay upon appellee's willingness to execute in this court a bond upon personal recognizance. Based upon the circumstances and the representations made at the hearing, we do not require appellee at this time to provide sureties or furnish security.

It is ordered that the motion for stay be, and the same hereby is, denied provided appellee executes a bond agreeing to his being recognized on personal recognizance pending completion of the appellant's appeal and agrees that he will remain within the District and Commonwealth of Massachusetts and answer all orders of this court. Said bond is to be filed with the clerk of this court by October 19, 1973.