**Dale H. SUTHERLAND, Petitioner,**

**v.**

**DISTRICT OF COLUMBIA BOARD OF PAROLE, Respondent.**

**Civ. A. No. 1767–73.**

United States District Court,
District of Columbia.

Nov. 12, 1973.

Dale H. Sutherland, pro se.

Robert J. Sher, Asst. Corp. Counsel, Washington, D. C., for respondent.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

Plaintiff, an inmate at the Federal Penitentiary at McNeil Island, Washington, seeks a writ of habeas corpus directing the District of Columbia Board of Parole to withdraw a parole violation warrant lodged as a detainer against him at the penitentiary. Plaintiff contends that the Board lacks jurisdiction to execute its warrant and that its decision to maintain the warrant as a detainer without affording plaintiff a parole revocation hearing violates plaintiff's right to due process of law under the Fifth Amendment to the United States Constitution.

The facts are not in dispute. On February 5, 1965, plaintiff was convicted of assault with a dangerous weapon by the United States District Court for the District of Columbia. He was paroled on June 10, 1970, and placed under the supervision of the D. C. Board of Parole. While on parole, plaintiff was convicted of possessing counterfeit government securities by the United States District Court for the Eastern District of Virginia, for which he is now serving a ten-year sentence in the McNeil Island Penitentiary. The D. C. Board of Parole then issued a warrant, citing the Virginia conviction as evidence that plaintiff had violated his parole, and lodged it as a detainer at McNeil Island on May 29, 1973. Plaintiff's parole has not yet been revoked, nor has he received a hearing on such revocation. Instead, the Board has expressed its intention of waiting until plaintiff has served out his entire ten-year sentence before deciding whether or not to revoke his parole.

Under recent Supreme Court decisions, plaintiff may challenge the legality of a detainer lodged against him even though the lifting of that detainer would not thereby secure his immediate release from prison. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Jurisdiction exists in this court because the D. C. Board of Parole, which assumed custodial authority over plaintiff by lodging the detainer, is located in the District of Columbia; and venue is proper not only because the Board is the custodian most concerned with the legality of its own detainer but also because the alleged parole violations and the resulting judicial proceedings all occurred within the D. C. metropolitan area. *See* Braden v. 30th Judicial Circuit Court of Kentucky, *supra.*

Plaintiff's claim that the defendant lost jurisdiction to revoke his parole when it surrendered him to Virginia and federal warrants is clearly without merit. It is firmly established that a parole board secures its jurisdiction over a parolee by issuing a violation warrant before the date of parole expiration, and that such jurisdiction is not lost simply because the board chooses to delay revoking parole until an intervening criminal sentence has been fully served. Shelton v. United States Bd. of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967).

Plaintiff's due process claim, on the other hand, raises a substantial constitutional question. It has long been recognized in this Circuit that "the issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch." Shelton v. United States Bd. of Parole, *supra*, at 574. *See also* Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963). A prompt revocation hearing is essential because delay may result in the loss of essential witnesses or documentary evidence and the continuation of unnecessary incarceration or other limitations on personal liberty.

In 1967, the United States Court of Appeals for the District of Columbia Circuit exempted from this requirement of a prompt revocation hearing all warrants citing a criminal conviction as the

reason for revocation, declaring that no hearing at all is required in such cases because the fact of violation has already been established by a court. Shelton v. United States Bd. of Parole, *supra*, 388 F.2d at 573. However, that decision misconceives the duties of the Parole Board and permits the imposition of substantial deprivations without due process of law.

■ The D. C. Board of Parole, like the United States Parole Board under discussion in *Shelton*, retains full discretion to place a parolee back on the street even though he has clearly violated the conditions of his parole. See D.C. Code § 24–206; 18 U.S.C. § 4207. The Board must consider mitigating circumstances and rehabilitative potential as well as the existence of parole violations before determining that reincarceration is appropriate. *Cf.* United States ex rel. Hitchcock v. Kenton, 256 F.Supp. 296 (D.Conn.1966). Thus, a revocation hearing to adduce evidence on these matters is of vital importance even to a parolee whose parole violation has already been established by a court of law. Moreover, delay in holding the hearing could substantially prejudice such a parolee. Not only might mitigating evidence be lost during the years of intervening incarceration, *see* Jenkins v. United States, 337 F.Supp. 1368 (D. Conn.1972), but the parolee could be arbitrarily deprived of the opportunity to have his reincarceration, if ordered, run concurrently with the remainder of his intervening sentence. The maintenance of a detainer against an inmate whose parole will never actually be revoked has other undesirable effects, triggering an unnecessary loss of prison privileges and hampering rehabilitation by placing the parolee's future into a state of prolonged uncertainty.

■ In light of these considerations, the Court holds that plaintiff had a right to a prompt parole revocation hearing on the contested warrant. *Shel-*

*ton* no longer requires a contrary result, because it has been effectively overruled by the Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which held that the Fifth Amendment requires not only a prompt revocation hearing but also an earlier preliminary hearing "near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Id.* at 485, 92 S.Ct. at 2602. While the petitioners in *Morrissey* had not been convicted of crimes while on parole, the language in that decision is broad enough to encompass such parolees. The Court stressed the importance of the revocation hearing as a forum for issues other than the simple fact of parole violation, *id.* at 479–480, 488, 92 S.Ct. 2593, and stated that the hearing could be simplified by barring evidence on the parole violation itself if such violation had previously been established by a criminal conviction. *Id.* at 490, 92 S.Ct. 2593. The clear import of these comments is that a conviction during parole may alter the content of the revocation hearing, but it does not dispense with the requirement that such a hearing be promptly held. *See also* Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In fact, at least one court has held that a convicted parolee has a right under *Morrissey* to a preliminary as well as a final revocation hearing, even though the former proceeding is narrowly confined to establishing the existence of a parole violation. *See,* In re La Croix, 108 Cal.Rptr. 93 (Cal.App.1973).

■ Because more than five months have passed since the contested detainer was lodged at McNeil Island, it is now too late for defendant to cure its error by affording plaintiff a revocation hearing. The Federal Courts have indicated that an unjustified delay* of more than

---

* The mere fact that plaintiff is incarcerated far from the District of Columbia would not

excuse such a delay even if he were under state authority, *see* Braden v. 30th Judicial

three months in providing a parole revocation hearing requires the issuance of a writ of habeas corpus releasing the parolee from the Parole Board's custody. See cases cited in Marchand v. Director, U. S. Probation Office, 421 F.2d 331, 335 n. 5 (1st Cir. 1970).

Defendant therefore is directed to cancel its warrant for parole violation against plaintiff and to direct the authorities at the McNeil Island Federal Penitentiary to withdraw that warrant from plaintiff's files.

So ordered.

Circuit Court of Kentucky, *supra*, 410 U.S. at 495–499, 93 S.Ct. 1123; Gagnon v. Scarpelli, *supra*, 411 U.S. at 782–783 n. 5, 93 S.Ct. 1756, so it cannot possibly justify delays with regard to a federal prisoner subject to the direct authority of defendant working through the U.S. Parole Board. *See* D.C.Code § 24–209.