**William Harvey JONES, Plaintiff,**

v.

**Steven JOHNSTON, Parole Executive, United States Board of Parole, et al., Defendants.**

**Civ. A. No. 1211-72.**

United States District Court, District of Columbia.

Jan. 9, 1974.

Thomas S. Jackson, Nicholas S. McConnell, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert M. Werdig, Jr., Asst. U. S. Atty., for defendants.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Plaintiff, an inmate at the District of Columbia Correctional Complex at Lorton, Virginia, seeks a Declaratory Judgment that Defendant Johnston, Parole Executive for the United States Board of Parole, acted unlawfully in failing to execute or withdraw a parole violation warrant lodged as a detainer against Plaintiff at Lorton. In light of the Board's failure to make a final determination on the alleged parole violation and its refusal to afford Plaintiff a hearing, he seeks an order cancelling the warrant. The Court has decided to treat Plaintiff's pro se complaint as an application for a writ of habeas corpus directing the United States Board of Parole to cancel the warrant. The Court has concluded that the Plaintiff is entitled such relief and that Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment must be denied in light of the uncontroverted fact that Plaintiff has not been

provided with a parole revocation hearing or even a dispositional interview since the parole violation warrant was first placed as a detainer against him on June 19, 1970. The Board of Parole's decision to maintain the warrant as a detainer in excess of the three years without affording plaintiff a parole revocation hearing violates Plaintiff's right to due process of law under the Fifth Amendment to the United States Constitution. Sutherland v. D. C. Board of Parole, 366 F.Supp. 270, District Court for District of Columbia, 1973.

■ This Court's jurisdiction is established under 28 U.S.C. § 2241(a), which provides that "[w]rits of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." Plaintiff is physically present within the territorial limits of this Court, as is the United States Board of Parole which is the proper "custodian" of Plaintiff by virtue of the detainer lodged against him. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973).

The facts of this case which give rise to Plaintiff's due process claim are not disputed. As set forth in the affidavit of Defendant Johnston, submitted pursuant to the Court's order of November 1, 1973 requiring the Board to set forth the reasons for the Board's dispositional course of action with respect to Plaintiff's detainer, it appears that Plaintiff was convicted of Housebreaking and Grand Larceny in the District Court for the District of Columbia on May 17, 1968. He was sentenced under the Narcotic Addict Rehabilitation Act, 18 U.S. C. § 4253(a) to an indeterminate commitment not to exceed ten years. Plaintiff was released on parole from the Residential Treatment Center, Washington, D. C., on October 6, 1969 to remain on parole supervision in the District of Columbia until February 15, 1978. Five months later, on March 31, 1970, the Board of Parole issued a parole violation warrant for Plaintiff, charging him with failure to comply with the NARA aftercare program, violation of the Harrison Narcotic Act, falsifying a supervision report, and failure to report to his Probation Officer as directed. Later supplemental warrant applications filed in 1970 and 1971 by the Board included charges that Plaintiff failed to report his arrest for a narcotics violation and that he made unauthorized use of a vehicle and effected the interstate transportation of a stolen motor vehicle.

The initial parole violation warrant was placed as a detainer against Plaintiff on June 19, 1970, when he was in local custody in the District of Columbia Jail on the stolen motor vehicle charges. When Plaintiff was transferred to the District of Columbia Correctional Complex at Lorton, Virginia, on October 1, 1971, following his conviction for possession of narcotics, the federal parole violation warrant was filed as a detainer there.

At no time since the warrant was placed as a detainer against Plaintiff in 1970 has the United States Board of Parole granted Plaintiff's repeated requests for a *parole revocation hearing or a dispositional interview.* On January 5, 1972, and over a year later on March 12, 1973, the Board conducted *dispositional reviews* of its warrant and ordered the detainer to remain in effect. These determinations adversely affected the condition of plaintiff's confinement since the effect of the detainer was to deny Plaintiff access to rehabilitative programs to which he was otherwise entitled. Although the detainer was withdrawn in August, 1973 to allow participation by Plaintiff in the programs at Lorton, the warrant is being held in abeyance, perhaps until shortly before the expiration of the present sentence when once again it would be placed as a detainer against Plaintiff.

■ Defendant Johnston explained in his affidavit that "the reason for filing the detainer in this case and the decision to let it stand was to notify Lorton officials that the Board intended to take Plaintiff into custody as a parole violator" following completion of the pending

criminal sentence. While this particular procedure has been held by Courts to be consistent with Fifth Amendment due process requirements, Watson v. Neff, 383 F.2d 397 (5th Cir. 1967), Shelton v. United States Board of Parole, 128 U.S. App.D.C. 311, 388 F.2d 567 (1967), the use of the warrant as a detainer is merely *one* discretionary matter among several steps the Board of Parole must take in its determination whether or not to revoke parole. It is of paramount importance that the Board not simply stop in its review of an alleged parole violation at the detainer stage but continue with the critical decision of whether he has violated the terms of his parole and, if he has, what measures are appropriate both in terms of the community and the parolee himself. In the case at bar, the Board took steps to protect the community by detaining Plaintiff after release from the pending sentence. However, the Board failed to follow up with speedy adjudication of Plaintiff's alleged parole violation and therein lies the crux of this case.

Plaintiff's due process claim requires a determination of whether, on the facts of this case, the Board's failure to hold a revocation hearing constitutes a violation of Plaintiff's Fifth Amendment right to due process of law. The Court's response is affirmative. The United States Court of Appeals for the District of Columbia Circuit has firmly established that "the issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch." Shelton v. United States Board of Parole, *supra.* The necessity of a prompt revocation hearing to avoid the loss of witnesses or documentary evidence, or to prevent unnecessary limitations on personal liberty was exempted by the Court in *Shelton, supra,* where, as here, the warrant cites a criminal conviction as the reason for revocation. However, we agree with the Court in *Sutherland, supra,* which voiced the opinion that *Shelton,* in part, "misconceives the duties of the Parole Board

and permits the imposition of substantial deprivations without due process of law." 366 F.Supp. at 272.

To the extent that *Shelton* permits the Board of Parole to deny a revocation hearing to a parolee whose parole violation has been established by a criminal conviction, *Shelton* has been effectively overruled by the Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See Sutherland v. D. C. Board of Parole, *supra.* The Court in *Morrissey* was concerned with the nature of the due process that must be afforded a parolee once he is arrested and detained for alleged parole violations. The Court held that the Due Process clause of the Fourteenth Amendment requires a prompt preliminary hearing once a parolee is arrested and detained for violation of parole. The purpose of such hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey, supra,* at 485, 92 S.Ct. at 2602. Once the question of probable cause is resolved, the Court found that a formal revocation hearing, if desired by parolee, is required within a reasonable time after the parolee is taken into custody.

This latter due process requirement of a timely revocation hearing provides the parolee with "an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey, supra,* at 488, 92 S.Ct. at 2603. It is the Court's opinion that such requirement is dispositive of Plaintiff's contention that he was entitled to a prompt revocation hearing on the parole violation warrant.

Although petitioners in *Morrissey,* unlike the Plaintiff here, were not convicted of crimes while on parole, the Court emphasized in *Morrissey* the need to provide a forum for the parolee, at the least, to introduce evidence of mitigat-

ing circumstances where the violation itself is conceded.

Accordingly, it is clear that under *Morrissey* Plaintiff at bar had a right to a revocation hearing and was unreasonably denied the exercise of such right throughout his current three-year period of incarceration.

The unjustified delay in providing Plaintiff with a parole revocation hearing requires, in the interest of justice, that the Court cancel the parole violation warrant. See Sutherland v. D. C. Board of Parole, *supra*; Marchand v. Director, U. S. Probation Office, 421 F. 2d 331, 335 n. 5 (1st Cir. 1970).

Therefore, the Court will deny Defendant's Motion to Dismiss and direct Defendant to cancel the Board's warrant for parole violation against Plaintiff in accordance with the Order of even date entered herewith.