**Willie PEELE, Petitioner,**

v.

**Maurice J. SIGLER, Chairman United States Board of Parole, et al., Respondents.**

**No. C–74–183.**

United States District Court, E. D. Washington.

Oct. 23, 1974.

Richard Emery, Prison Legal Services Project, Seattle, Wash., for petitioner.

Dean C. Smith, U. S. Atty., James B. Crum, Asst. U. S. Atty., Eastern District of Washington, Spokane, Wash., for respondents.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

Petitioner, an inmate of the Washington State Penitentiary at Walla Walla at the time of filing this action, has petitioned for a Writ of Habeas Corpus contending that an arrest warrant for parole violation and detainer lodged against him should be quashed because of respondents' failure to grant him a timely revocation hearing as required by Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972). Respondents contend that petitioner's right to such a hearing does not arise until the warrant is executed and that relief from the consequences of the detainer must be sought against the State of Washington.

In 1954 petitioner was convicted of bank robbery in the United States District Court for the Southern District of California and sentenced to eighteen years imprisonment. He was paroled on August 15, 1961. Parole was revoked in 1965 by reason of a Washington State conviction. On June 22, 1970 he was again paroled to begin serving the 1965 state conviction. He was paroled by the state on December 1, 1970. In November, 1971 the United States Board of Parole applied for a warrant of arrest for "Failure to Submit Supervision Reports as Required" and "Association with a Person Having a Criminal Record". In April, 1972 the application was amended to allege another Washington conviction and use of an unauthorized firearm. The conviction has since been reversed, State v. Peele, 10 Wash.App. 58, 516 P.2d 788 (1973) and petitioner presently awaits retrial. In July, 1972 the U. S. Marshal caused a detainer to be lodged against petitioner and in August and December of 1973 respondents indicated to persons representing petitioner that a revocation hearing would not be held until petitioner was released from state custody.

■■ The due process requirements for revocation hearings are found in Morrissey v. Brewer, *supra*. For the purposes of this decision the most important requirement is that persons are entitled to a hearing process at a reasonable time after their arrest for parole violation. Petitioner relies on the holding of the Court of Appeals for the District of Columbia Circuit in Shelton v. United States Board of Parole, 128 U.S. App.D.C. 311, 388 F.2d 567 (1967) that the revocation process begins upon issuance of the warrant of revocation. Respondents rely upon the holding by the Court of Appeals for the Fifth Circuit in Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974) that the revocation process does not begin until the warrant is executed and that the lodging of a detainer does not constitute a substantial deprivation of rights.

Respondents contend that petitioner's remedy should be against the State of Washington for attaching consequences to the filing of a detainer. There should be a remedy against a holding authority who recognizes an unconstitutional detainer, *see* Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973) but that does not mean that a state is not justified in treating persons who have detainers lodged against them in a more restrictive fashion than they might otherwise be treated. Certainly there might be a greater risk of escape, and some restrictions might be appropriate although they could not be continued indefinitely. Furthermore, it would be anomalous to recognize a remedy against the holding authority for recognition of an unconstitutional detainer but find that there was none against the authority that issued the detainer.

■ In Cook v. United States Attorney General, *supra,* the Fifth Circuit found that the restrictions imposed by a detainer did not cause a prisoner to suffer a loss sufficiently serious to give rise to due process of law. However, applying the criteria discussed in Morrissey v. Brewer, *supra,* at 481, the Court is compelled to disagree with the holding of the Fifth Circuit. It is undisputed that the filing of a detainer causes a person to lose eligibility for many types of rehabilitative programs and there is generally more restrictions placed upon such an inmate. Further, a detainer might also distort the decision as to when to grant parole from the holding institution. Therefore, the Court finds that the filing of a detainer causes a prisoner to suffer a sufficiently "grievous loss" as to give rise to *Morrissey's* rights to due process.

■ Being of the view that the filing of a detainer gives rise to a right to a timely revocation hearing, it is unnecessary to here decide whether the issuance of or the execution of an arrest warrant gives rise to the right to a revocation hearing within a reasonable time. It is enough to say that once a warrant is issued and lodged as a detainer, which detainer causes the parolee to lose benefits at the holding institution, a revocation hearing must be granted within a reasonable time in order to allow the parolee an opportunity to refute the charges.

There is authority for an immediate quashing of the warrant. Fitzgerald v. Sigler, 372 F.Supp. 889 (D.C.1974), Jones v. Johnston, 368 F.Supp. 571 (D.C.1974). However, because of the lack of a prior definitive ruling in this Circuit, respondents will have fifteen days from the date of filing of this Order in which to grant petitioner a revocation hearing. If such hearing is not held petitioner may present an order granting the petition and ordering the warrant quashed and the detainer removed.