Ida **WATSON**, Petitioner,

v.

**FEDERAL PAROLE BOARD and Federal Bureau of Prisons, Respondents.**

**Civ. A. No. 74-1398.**

United States District Court,
District of Columbia.

Dec. 19, 1974.

Othello G. Jones, Jr., Washington, D. C., for petitioner.

Steven W. Snarr, Washington, D. C., for respondents.

## MEMORANDUM AND ORDER

BRYANT, District Judge.

Petitioner in her application for a writ of habeas corpus contends that the existence of an outstanding parole violator warrant as a detainer at the Women's Reformatory at Alderson, West Virginia, renders her ineligible for certain rehabilitation programs (work release here in the District of Columbia), and that the Board of Parole by lodging the detainer and failing to take any action with regard to the unexecuted warrant violates her constitutional rights. She demands a prompt hearing on the charges contained in the warrant or that the same be quashed.

In support of her contention petitioner relies upon Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and three cases from our District Court which take the view that *Morrisey* requires the result she seeks in the instant case. Fitzgerald v. Sigler, 372 F.Supp. 889 (D.C.D.C. (1974)), Jones v. Johnston, 368 F.Supp. 571 (D.C.D.C. (1974)), and Sutherland v. District of Columbia Board of Parole, 366 F.Supp. 270 (D.C. D.C. (1973)).

The chronology of events leading up to this action follows:

After entering pleas of guilty to charges of housebreaking and uttering a forged instrument, this petitioner was sentenced on December 1, 1967 to an indeterminate sentence up to ten years under Title II of the Narcotic Addict Rehabilitation Act of 1966 (NARA). On September 8, 1969, after having participated in an in-custody narcotic treatment program, petitioner was paroled to the community for after-care treatment pursuant to the NARA sentence. On January 30, 1970 a parole violator warrant issued alleging that petitioner had failed to comply with conditions of her narcotic treatment program and that she was using drugs. A revocation hearing was held on November 8, 1971. Ten days later petitioner was re-paroled to community after-care treatment.

On August 9, 1973 petitioner was re-arrested and charged with narcotic laws violations. This led to her conviction in Criminal No. 821–73 under the Controlled Substance Act (21 U.S.C. § 841 (a)); and on January 25, 1974 petitioner was sentenced to one to three years with a special parole term of two years to run concurrently with any sentence then being served.

The Federal Women's Reformatory at Alderson, West Virginia was designated as petitioner's place of confinement, and on February 9, 1974 she was transferred to that facility to continue service of the sentence imposed in Criminal No. 821–73.

On February 11, 1974 the United States Board of Parole filed a parole violator warrant as a detainer at Alderson, asserting as violations of parole conditions the possession of narcotic drugs and failure to comply with the narcotic after-care community treatment program pursuant to the NARA sentence. The Board indicated that it does not intend to execute the warrant now, and that no revocation hearing is presently contemplated.

On May 28, 1974, while present in the District of Columbia on furlough from Alderson, West Virginia, petitioner was arrested and charged with possession of narcotic drugs and petit larceny in the Superior Court of the District of Columbia. On July 8, 1974 she pleaded guilty to the drug charges and the larceny charge was dismissed. In connection with this offense a one year probation period was imposed. Petitioner is presently in the Women's Detention Center here.

During the last week of August 1974 the authorities at Alderson recommended that petitioner be placed on work release through the program of the D. C. Department of Corrections. The latter, however, refused to accept her because of the detainer. The Federal Bureau of

Prisons and the D. C. Department of Corrections propose to return petitioner to Alderson for continued service of her sentence imposed in Criminal No. 821–73.

Petitioner's transfer to that institution has been stayed pending adjudication of the instant action.

 Respondents challenge jurisdiction by raising serious questions as to the "custody" requirement of 28 U.S.C. § 2241(c)(3), and claim that petitioner shows no restraints arising directly out of the lodged detainer which can be construed as custody for habeas purposes. They also take the position that *Morrisey, supra,* does not support her contention and that the three District Court cases to the contrary misconstrue the thrust of *Morrisey.*[1] Respondents contend that Cook v. U. S. Attorney General, 488 F.2d 667 (5th Cir. 1974), cert denied, 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974), and Small v. Britton, 500 F.2d 299 (10th Cir. 1974)[2] are proper interpretations of *Morrisey.*

For the purposes of this case the Court does not feel obligated to make a choice between the District Court cases cited by petitioner and the cases cited by respondents. As a matter of fact this Court is not certain that *Morrisey, supra,* does in fact compel the result urged by petitioner.

This Court is certain, however, of the validity of the point emphasized in *Cook, supra,* p. 671:

"We wish to emphasize that where the parole revocation hearing is deferred pending service of the intervening sentence, the parolee is not left without notice of the issuance of the violators warrant nor *review of the propriety of its continued existence as a detainer.*" (emphasis supplied)

Petitioner herein squarely raises the question of the propriety of the continued existence of this warrant as a detainer against her and prays for relief from the effect thereof. The merits of

this position can hardly be gainsaid. As a matter of fact the Government in its brief on behalf of the appellants in the three District Court cases cited heretofore concedes as much in the following statement on page 28 thereof:

"When no adverse consequences accrue to the incarcerated parolee from postponement of the revocation determination, the Board should be permitted to consider the record of the parolee's interim institutional performance in determining sentence or to continue or modify the parole status."

 The inference is that when adverse consequences do accrue, the Board should take other action. In this case there is an adverse effect. The rehabilitation of the petitioner is being effectively frustrated by the detainer in question. This is obviously improper.

Upon consideration of the petition, this Court concludes that relief should be granted to the extent that the Parole Board must withdraw its detainer.

It is so ordered.

---

1. All three cases are presently on appeal in this Circuit.

2. Both cases hold that *Morrisey* does not require the result urged by petitioner.