**Edward WADE, Petitioner,**

v.

**U. S. BOARD OF PAROLE and U. S. Attorney General, Respondents.**

**No. C–74–246.**

United States District Court,
E. D. Washington.

March 7, 1975.

Petitioner appeared pro se, but was assisted in opposition to the Motion for Stay by Richard Emery, Prison Legal Services Project, Seattle, Wash.

Dean C. Smith, U. S. Atty., James B. Crum, Asst. U. S. Atty., Eastern District of Washington, Spokane, Wash., for respondents.

## MEMORANDUM and ORDER

NEILL, Chief Judge.

On September 2, 1966, petitioner was sentenced in the United States District Court for the Northern District of California to ten years imprisonment for bank robbery. He was paroled October 22, 1971, but soon ran afoul of the law in the State of Washington. Following convictions for robbery in June of 1973 and second degree murder in January of 1974, petitioner was incarcerated in the Washington State Penitentiary at Walla Walla where he is now confined. On March 6, 1973, the United States Parole Board issued a parole violation warrant based on numerous grounds related to petitioner's Washington convictions. This warrant was filed as a detainer at the Washington State Penitentiary on April 18, 1973.

Relying on the principles of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), petitioner seeks to have the warrant and detainer quashed because more than nineteen months have passed since the issuance of the warrant and the Parole Board has failed to provide a revocation hearing. The respondent Parole Board has moved for Summary Judgment, arguing that an alleged parole violator's due process rights are not triggered until he is arrested by execution of the warrant.

Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974).[1]

Alternatively, the respondent Parole Board has moved for a Stay pending resolution of this issue by the Ninth Circuit Court of Appeals in Reese v. United States Board of Parole, Ninth Circuit, No. 74–2418.

■ This Court held in Peele v. Sigler, 392 F.Supp. 325 decided October 23, 1974, that the principles of Morrissey v. Brewer, *supra,* require parole boards to grant revocation hearings within a reasonable time after filing a detainer at the holding institution if the detainer deprives the alleged parole violator of protected rights and privileges. The Court recognized in *Peele* that an unexecuted parole violation warrant does not, *per se,* place a prisoner in "custody" for the purpose of triggering his due process rights under *Morrissey.* However, when an unexecuted warrant is lodged as a detainer, causing a prisoner to suffer a grievous loss, then the custody requirement of *Morrissey* is met and the prisoner is entitled to a revocation hearing.

■ In the instant case a warrant and detainer have been on file against petitioner for more than nineteen months. Petitioner alleges that, as a result of the detainer, he is being denied the opportunity to have his federal and state sentences run concurrently and the delay in granting him a revocation hearing is prejudicing his ability to adequately defend himself and causing him great anxiety. These allegations are not controverted by the respondent. Issuance of this warrant and detainer has the effect of summarily punishing the alleged parole violator without due process of law. This violates both the spirit and letter of *Morrissey.*

The Court's ruling herein should not be construed to limit in any manner the Parole Board's power to issue unexecuted warrants pursuant to 18 U.S.C. § 4205. It is merely the use of such a warrant, as the basis of a detainer, which violates due process when the detainer deprives a state prisoner of protected rights without a revocation hearing within a reasonable time. Nor should this Court's ruling be construed to foreclose the later reissuance of an unexecuted warrant and detainer when the Parole Board is prepared to accord the alleged violator his right to a hearing within a reasonable time.

■ Respondent's Motion for Stay pending appeal must be denied. The tenor of Federal Rule of Civil Procedure 62(d), providing for the posting of a bond by the party seeking a stay, and Federal Rule of Appellate Procedure 23(c), providing for personal recognizance release of successful habeas corpus petitioners pending appeal, unless the court finds that such release would be improper, indicate that the burden of showing the necessity for a stay is on the movant and that the party against whom the stay is to operate should be afforded protection.

■ In this case, petitioner's interests must be accorded special protection because the harm he would suffer from a stay is irreparable. On the other hand, the government has little to lose from denial of the motion since a new warrant could be issued and executed when the Parole Board is ready to accord petitioner his due process rights, or in the event this case is reversed on appeal. Further, the Court's ruling would not preclude some innocuous form of notice to the Parole Board prior to petitioner's release, as long as the request for such notice does not result in some

---

1. Although the Court of Appeals held in *Cook* that a similar unexecuted warrant and detainer did not require a revocation hearing within a reasonable time, the facts of *Cook* distinguish it from this case since the petitioner in *Cook* failed to show "that the disadvantage constitutes such a grievous loss —in due process terminology—as to require the hearing", 488 F.2d 673, and since he had received a "full federal parole revocation hearing" which he failed to show lacked any of the ingredients required by Morrissey. *Id.* at 674.

deprivation of petitioner's rights within the holding institution.

The cases in point also indicate that a stay pending appeal would be improper in this case, especially since issuance of the writ will not result in petitioner's release from custody. LaFrance v. Bohlinger, 487 F.2d 506 (1st Cir. 1973); United States v. Vincent, 486 F.2d 215 (2nd Cir. 1973).

Wherefore, it is ordered that the detainer be quashed and the unexecuted warrant removed from petitioner's file. The Motions for Stay and for Summary Judgment are hereby denied.

The Clerk shall enter judgment in accordance herewith.