**Lester Paul ROBB**

v.

**John J. NORTON, Warden, Federal Correctional Institution, Danbury, Connecticut.**

**Civ. No. B 74–379.**

United States District Court, D. Connecticut.

May 22, 1975.

Michael J. Churgin, Eric Schwartz, Law Student Intern, Dennis E. Curtis, Services Organization, New Haven, Conn., for petitioner.

Peter Dorsey, U. S. Atty., William Dow, III, Asst. U. S. Atty., New Haven, Conn., for respondent.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

Petitioner, presently incarcerated at the Federal Correctional Institution, Danbury, Connecticut, seeks dismissal of an unexecuted parole violator warrant issued by the United States Board of Parole ("the Board"), which has been lodged against him as a detainer at the prison. Petitioner contends that he has been prejudiced by the Board's failure to accord him a prompt parole revocation hearing.

In 1970, petitioner was sentenced to a five year term for escape. He was released on parole on September 24, 1973, with 716 days remaining on his sentence. Shortly thereafter, the petitioner allegedly absconded from supervision while on parole, and a parole violator warrant was issued by the Board on November 30, 1973.

On January 22, 1974, a federal arrest warrant was issued in the District of Colorado charging the petitioner with transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. Petitioner was taken into federal custody pursuant to the arrest warrant and on January 24, 1974, was arraigned before the United States Magistrate in Grand Junction, Colorado. Petitioner was sentenced on April 9, 1974, to a term of three years in the Colorado United States District Court.

On June 7, 1974, the petitioner arrived at the Federal Correctional Institution, Danbury, where the unexecuted parole

violator warrant was lodged as a detainer against him. Petitioner claims to have made numerous requests for an immediate parole revocation hearing, but he has received no such hearing to date. Approximately 18 months have now passed since the parole violator warrant was issued; 16 months have passed since petitioner was taken into federal custody; 14 months have expired since petitioner was convicted and sentenced in the Colorado federal court.

██ It is settled law that a parole "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." Morrissey v. Brewer, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972); Shelton v. United States Bd. of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967); United States ex rel. Buono v. Kenton, 287 F.2d 534 (2 Cir. 1961). The delay in this case is unreasonable and violative of due process, whether it is calculated from the date of the issuance of the parole violator warrant, Shelton v. United States Bd. of Parole, supra; Gaddy v. Michael, 384 F.Supp. 1390 (W.D.N.C.1974), or from the date the warrant commenced to operate as a detainer, Erhardt v. United States Bd. of Parole, Civil No. H–74–207 (D.Conn. Feb. 21, 1975). Petitioner is therefore entitled to a prompt revocation hearing from the Board. Erhardt v. United States Bd. of Parole, supra.

██ Petitioner argues that he is entitled to more. Suggesting that "it is now too late for respondent to cure his error by affording petitioner a revocation hearing," the petitioner urges that the detainer and the underlying parole violator warrant must be quashed. See Gaddy v. Michael, supra; Jones v. Johnston, 368 F.Supp. 571 (D.D.C.1974); Sutherland v. District of Columbia Bd. of Parole, 366 F.Supp. 270 (D.D.C.1973). To merit this relief, the petitioner must demonstrate actual prejudice resulting from the unreasonable delay in holding a parole revocation hearing. United

States ex rel. Buono v. Kenton, supra at 536; Jenkins v. United States, 337 F. Supp. 1368 (D.Conn.1972); United States ex rel. Boulet v. Kenton, 271 F. Supp. 977 (D.Conn.1967); United States ex rel. Obler v. Kenton, 262 F.Supp. 205 (D.Conn.1967); United States ex rel. Hitchcock v. Kenton, 256 F.Supp. 296 (D.Conn.1966). Petitioner has failed to discharge this burden.

Petitioner has made no claim that the Board's delay has affected his ability to contest the charge that he absconded from parole supervision sometime after September 24, 1973. Nor has the petitioner asserted that he has been deprived of the opportunity to present evidence of mitigating circumstances or rehabilitative potential. Compare United States ex rel. Hitchcock v. Kenton, supra, and United States ex rel. Vance v. Kenton, 252 F.Supp. 344 (D.Conn. 1966), with Jenkins v. United States, supra, and United States ex rel. Obler v. Kenton, supra.

██ Petitioner does contend, however, that he has been deprived of the opportunity to receive a parole revocation sentence partially concurrent with the sentence he is now serving. See Gaddy v. Michael, supra at 1393; Sutherland v. District of Columbia Bd. of Parole, supra at 272. This contention fails to appreciate the range of options available to the Parole Board at a revocation hearing. The Board may, in its discretion, reinstate parole or a mandatory release date even where a violation has been found, 28 C.F.R. § 2.56(b), or the Board may revoke parole and require the parolee to serve the remainder of the term from which he had been paroled either concurrent with or consecutive to any other term of incarceration. Alternatively, the Board may revoke parole, but require the parolee to serve consecutively or concurrently only a portion of the time remaining to be served, or it may modify the terms and conditions of parole release.[1] By appropriately adjusting the length of time to be

---

1. These various alternatives are succinctly set forth in 28 C.F.R. § 2.40 at 88 (1974):

Following the revocation hearing the Board may then or at any time within its discre-

served, the Board at a delayed revocation hearing can impose a sentence whose effect is virtually identical with a concurrent revocation sentence imposed at a timely hearing.

■ The petitioner's final claim of prejudice is that the presence of a detainer based on the unexecuted parole violator warrant has the effect of making his prison life more burdensome. Gaddy v. Michael, supra at 1393; Sutherland v. District of Columbia Bd. of Parole, supra at 292. This argument was raised and rejected by the Court of Appeals for the Eighth Circuit in Noorlander v. United States Attorney General, 465 F.2d 1106, 1109 (8 Cir. 1972):

> The effect of the detainer may well have been to render appellant's intervening sentences more burdensome than the sentences of other prisoners who were similarly situated but had no detainers outstanding. We cannot say, however, that there was no rational relationship between the alleged differences in treatment and the presence of the detainer. To hold otherwise would be tantamount to requiring correctional administrators to ignore the past records and behavior of prisoners when classifying them.

See also Cook v. United States Attorney General, 488 F.2d 667, 673 (5 Cir. 1974). While prison privileges may have been denied the petitioner on account of the detainer, the remedy is to order a prompt hearing on the underlying parole violator warrant, not to relieve the petitioner of the consequences of his alleged parole violation.

Accordingly, it is hereby ordered that a writ will issue quashing the federal parole violator warrant and detainer against petitioner Robb, unless within 60 days the petitioner is provided a parole revocation hearing in accordance with Morrissey v. Brewer, supra, and 28 C.F.R. §§ 2.54–2.56 (July, 1974).

---

tion revoke and terminate the order of parole or mandatory release or modify the terms and conditions thereof. Whenever a parole or mandatory release is thus revoked, the prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced, less such good time as he may earn following his recommitment.

These regulations have been superseded in the Board's Northeast, Western, and South Central Regions by new rules which do not outline the Board's options in such detail. See Note, 28 C.F.R. at 82. However, the provisions quoted above remain in effect throughout the rest of the country. The new rules do not circumscribe the options available to the Board in any way.